UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

_____

MIZAUCTIONS, LLC; JARED MIZRAHI; :
RESTAURANT AUCTIONS.COM, LLC; and :
PCI AUCTION GROUP, LLC, :
 :
         Plaintiffs :
    v. : No. 5:17-cv-02935
 :
RUSSELL CROSS; RONALD HART; :
LUIS MARTINEZ; ADAM TORRES; :
RODNEY FRICK; TINA CRAINE; and :
MEG CANFIELD, :
 :
         Defendants :
_____

## **O P I N I O N**

**Plaintiffs' Emergency Motion to Enforce State Court Orders and to Remand, ECF No. 13
Granted in Part and Denied in Part**

**Joseph F. Leeson, Jr.**                                                                               **August 22, 2017**
**United States District Judge**

### I.    Introduction

      This case involves a dispute between two former business partners, Jared Mizrahi and Russell Cross, whose relationship has gone sour. Mizrahi filed this suit in state court, and Cross promptly removed it here on both diversity and federal question grounds. Forty days later, Mizrahi moved to remand it, pointing to a series of forum selection clauses in agreements that he and Cross executed that he believes require this dispute to be heard in state court. Cross opposes a remand, chiefly on the ground that Mizrahi's motion came too late under 28 U.S.C. § 1447(c), which provides that any "motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal."

      The problem with this argument is that a federal-jurisdiction-waiving forum selection clause is not a "defect" within the meaning of the statute. That means that Mizrahi's motion is not time-barred, and because he is correct that the forum selection clauses contemplate that the state courts are the exclusive forum for this dispute to take place, the case will be remanded.

      Before that happens, Mizrahi has one other request: he seeks to have Cross compelled to abide by a series of ex parte injunctions that the state court entered against him shortly before the case was removed, which Mizrahi claims he has been flouting. That request is denied because this case was removed before the state court had a chance to hold a hearing on those injunctions,

1

and by operation of state law, ex parte injunctions automatically dissolve if a hearing on them is not held promptly after they are issued.[1]

## II. Mizrahi's motion is not time-barred.

In *Foster v. Chesapeake Insurance Co.*, 933 F.2d 1207 (3d Cir. 1991), the Third Circuit considered whether a remand motion based on a forum selection clause that was filed fifty-four days after the case was removed was untimely under § 1447(c). At the time *Foster* was decided, § 1447(c) was worded slightly differently than it is now. In its current form, the thirty-day time limit applies to all remand motions based on "any defect other than lack of subject matter jurisdiction," but when *Foster* was decided, the thirty-day time limit applied only to remand motions based on "any defect *in removal procedure*." *Foster*, 933 F.2d at 1210 (emphasis added).[2] That text, the *Foster* court held at the time, "could not be clearer": the thirty-day time limit applied only to remand motions "grounded on a defect in removal procedure," not motions based on other grounds for a remand, like a forum selection clause. *Id.* at 1212-13.

In 1996, the statute was amended to delete the phrase "in removal procedure," making the thirty-day deadline now broadly applicable to remand motions based on "any defect." In the wake of that amendment, some litigants argued that this change was designed to make the statute categorically applicable to *all* remand motions (except for those challenging subject matter jurisdiction, which the statute expressly exempts). The Third Circuit has agreed that the amended version does indeed have a broader reach than before, but not so broad as to apply to every type of remand motion. *See Cook v. Wikler*, 320 F.3d 431, 435 & n.5 (3d Cir. 2003).

It is clear, for example, that the current version of the statute is no longer limited to remand motions based on defects in *procedure*—that is, a failure by the removing party to correctly follow the statutory removal procedures—so the statute now reaches remand motions based on "even the 'more substantive' removal defects, such as [forum defendant] § 1441(b) violations." *Kamm v. ITEX Corp.*, 568 F.3d 752, 756 (9th Cir. 2009) (quoting *Lively v. Wild Oats Markets*, 456 F.3d 933, 939 (9th Cir. 2006)). But the statute, by its terms, still applies only to remand motions that are grounded on some type of "*defect* in removal," *Cook*, 320 F.3d at 436 (emphasis added), which, the Third Circuit has explained, means a removal that was "not authorized by law," *id.* at 435 (quoting *Pierpoint v. Barnes*, 94 F.3d 813, 818 (2d Cir. 1996)).

That stops short of reaching a remand motion like this one because Mizrahi is not contending that the removal of this case was not authorized by law. Cross removed the case pursuant to 28 U.S.C. § 1441(a), which authorizes the removal of any case over which the district courts have original jurisdiction, and no one disputes that this Court has subject matter

---

[1] Mizrahi styled his motion as an "Emergency Motion" because he believes that Cross removed this action in bad faith in order to dodge those state court injunctions. The fact that forty days passed before Mizrahi moved to remand the case tends to undercut that supposed need for urgency.

[2] The previous version of the statute also expressly carved out remand motions based on a lack of subject matter jurisdiction from the thirty-day time limit, but it addressed that topic in a separate sentence. *See Foster*, 933 F.3d at 1210 ("If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." (quoting then-§ 1447(c)).

jurisdiction over this case by virtue of the complete diversity of the parties and the fact that one of Mizrahi's claims raises a federal question. The forum selection clauses do not alter the fact that this was a removable case under the federal removal statutes because "[a] forum selection clause does not oust a court of subject matter jurisdiction." *Foster*, 933 F.2d at 1212 n.7.

Mizrahi's remand motion, then, is not based on the notion that the removal of this case was "not authorized by law." His contention is that Cross, by agreeing to the forum selection clauses, waived the right of removal that he would have otherwise had. *See Foster*, 933 F.2d at 1216-17 (explaining that a forum selection clause that requires a dispute to be heard in state court "waive[s] the defendant's right to remove"). That would not, in the language of § 1447(c), be a "defect" in removal.

So while the 1996 amendment expanded § 1447(c) to reach a broader range of remand motions than before, the amendment was not broad enough to change *Foster*'s holding: § 1447(c) and its thirty-day clock do not apply to remand motions that are based on forum selection clauses. *See Cook*, 320 F.3d at 435 n.5 ("[O]ur review of many of the cases interpreting the prior language of § 1447(c), including *Foster*, indicates that most of their holdings appear unaffected by this statutory change . . . ."); *Kamm*, 568 F.3d at 757 (holding, under the current language of the statute, "that a forum selection clause is not a 'defect' within the meaning of § 1447(c) and that the thirty-day statutory time limit does not apply to a motion to remand based on a forum selection clause").

This does not mean that there are no time limits at all on moving to remand a case based on a forum selection clause. Even without the statutory thirty-day deadline, "a district court in the proper exercise of its discretion may deny as untimely a [non-§1447(c)] motion to remand if made at an unreasonably late stage of the federal litigation." *Foster*, 933 F.2d at 1213 n.8. But in this case, Mizrahi's motion was filed only ten days later than the statutory deadline and no substantive proceedings have yet occurred. The Court therefore turns to the merits of the motion.

III.    **The forum selection clauses provide that state court is the exclusive forum for this dispute.**[3]

Before finding themselves embroiled in litigation, Mizrahi and Cross were the co-owners of a number of companies they formed to operate websites offering online-auction-related services. A few years ago, Cross sold his interest in two of the companies to Mizrahi, which they memorialized in two Membership Interest Purchase Agreements. As part of those agreements, Cross agreed to be bound by confidentiality, non-compete, and non-solicitation clauses, but according to Mizrahi, Cross has since embarked on "a coordinated effort to harm [those companies] by . . . hiring away their employees and stealing their clients" and "conduct[ing]

---

[3]    Forum selection clauses are to be interpreted in the same way as any other type of contractual provision, using the same "benchmarks of construction and . . . interpretation" that are used to "resolv[e] all preliminary contractual questions." *Foster*, 933 F.2d at 1217 n.15 (rejecting the notion that a contractual waiver of the right to remove a case must be "clear and convincing" to be given effect).

online auctions in direct competition" with Mizrahi and the companies that the two of them founded.[4] Compl. ¶¶ 49-50.

In addition to the confidentiality and non-compete clauses, the Purchase Agreements also contain identical forum selection clauses, which read as follows:

> All disputes arising hereunder shall be litigated solely in courts located in Lancaster County, Pennsylvania, and the parties hereby waive objection to venue and jurisdiction of such courts.

Compl. Ex. A, ¶ 24(g); Compl. Ex. C, ¶ 19(g).

Mizrahi contends that these clauses mean that the Court of Common Pleas of Lancaster County, where he originally filed this case, must be the exclusive forum. Cross points out that Lancaster County is within the Eastern District of Pennsylvania, which is of course correct, but by providing that disputes would "be litigated solely in courts located in Lancaster County," it is clear that the parties did not intend to have their disputes heard in federal court merely because this district *encompasses* Lancaster County.

Identifying a county as the exclusive forum for disputes to be resolved is not particularly uncommon, and it often raises the question of whether the parties meant to include the federal district court whose district encompasses that county. To answer that question, the federal courts have in large part drawn a distinction based on whether the federal district court has a physical presence in that county. *See All. Health Grp., LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399-400 (5th Cir. 2008). If the parties identify a county where there is a federal courthouse—perhaps especially if they identify the county where the district court has its primary courthouse—it may be quite natural to conclude that they intended that disputes could be brought to that courthouse. *See id.* at 400 ("[T]he clause at hand, providing for venue in a specific county, permits venue in either federal or state court, because a federal courthouse is located in that county."); *Bodine Elec. Co. v. Viking Access Sys.*, 2009 WL 3055362, at *3 (N.D. Ill. Sept. 22, 2009) ("This Court 'is located' in Cook County and venue is therefore appropriate here under the forum selection clause.").

That is not the case when the parties name a county where the federal court has no presence. It is difficult to believe that when parties define their forum of choice by reference to the courts "located in" a county, they intended that disputes could be brought to a federal district court that does not hear any cases there. *See Collin County. v. Siemens Bus. Servs., Inc.*, 250 F. App'x 45, 54 (5th Cir. 2007) ("[W]e think it clear that the clause at issue in this case was intended to relate to where there is a sitting court."); *Sompo Japan Ins. v. Alarm Detection Sys.*, 2003 WL 21877615, at *2 (N.D. Ill. Aug. 6, 2003) ("[B]ecause there is no federal court located in Kane County, Illinois, the express reference to Kane County, Illinois could only have been intended to mean the state court in Kane County, Illinois. A forum selection clause that specifies

---

[4] Mizrahi has also sued a number of the employees he claims that Cross has poached from him to compete with Mizrahi and his companies.

4

venue in a county that has no federal court cannot reasonably be interpreted to permit suit in a federal court located in a different county.").

This case falls into that latter category. The Eastern District of Pennsylvania has never had a physical presence in Lancaster County, *see* Harvey Bartle III, *Mortals with Tremendous Responsibilities* 244 (2011) ("[N]o judge has ever been stationed in Lancaster . . . ."), despite the fact that the district's enabling statute contemplates that court would be held there, *see* 28 U.S.C. § 118 ("Court for the Eastern District shall be held at Allentown, Easton, Lancaster, Reading, and Philadelphia."), and despite long-running efforts to fulfill that mandate, *see Satellite Federal Court Proposed for Lancaster*, Morning Call (Nov. 22, 1989), http://articles.mcall.com/1989-11-22/news/2715311_1_satellite-court-federal-court-district-court.

There are remarkable similarities between this case and *Collin County*. There, the parties specified in their forum selection clause a county where the federal district court had no courthouse, despite the fact that the enabling statute for that district specified that court would be held there. In that case, too, there were plans to build a courthouse there—in fact, the federal government had already leased the land. *See* 250 F. App'x at 53 n.9. But none of that changed the fact that when the parties drafted their agreement, there was no federal court presence in the county and therefore no reason to believe that by naming the county as their exclusive forum, they intended for their disputes to be heard in federal court. *See id.* at 54.

The same is true here. The fact that the parties chose to define their forum of choice by reference to the "courts located in Lancaster County, Pennsylvania," makes clear that they meant to confine this dispute to state court.[5]

## IV. The ex parte injunctions cannot be enforced because they dissolved by operation of state law.

Still remaining is Mizrahi's request that before the case is remanded, the Court compel Cross to abide by a series of ex parte injunctions the state court issued just before Cross removed the case. Mizrahi moved for preliminary injunctive relief two days after he filed this suit, and six days later, on June 28, 2017, the state court issued a series of ex parte injunctions and set a hearing on them for July 6. Cross removed the case on June 28—the same day the injunctions issued—and because of the removal, the July 6 hearing in state court never occurred.

Ordinarily, when a case is removed, "[a]ll injunctions, orders, and other proceedings had in such action prior to its removal . . . remain in full force and effect until dissolved or modified by the district court." 28 U.S.C. § 1450. But § 1450 does not "turn ex parte state court temporary restraining orders of limited duration into federal court injunctions of unlimited duration."

---

[5] Cross seems to suggest in passing that the forum selection clauses might not apply to all of Mizrahi's claims because they are present only in "*some* contracts" at issue in this dispute, Mem. Opp'n 4-5, ECF No. 21, but even if he is right, once it is clear that "one claim is not removable due to a forum selection clause, the other claims may not be severed and removed. To hold otherwise would be to invite piecemeal litigation and to allow plaintiffs to circumvent forum selection clauses through artful pleading of additional claims." *Carlyle Inv. Mgmt. LLC v. Moonmouth Co.*, 779 F.3d 214, 221 (3d Cir. 2015).

*Granny Goose Foods, Inc. v. Bhd. of Teamsters Local No. 70*, 415 U.S. 423, 435 (1974). Injunctions have no "greater effect after removal to federal court than they would have had if the case had remained in state court," so "[a]n ex parte temporary restraining order issued by a state court prior to removal remains in force after removal no longer than it would have remained in effect under state law"—and can in fact dissolve even sooner, because once the case is removed, the order becomes subject to the fourteen-day limit on ex parte temporary restraining orders in Federal Rule 65(b). *Id.* at 436, 439-40.

In this case, the ex parte injunctions were issued on June 28, and the state court set a hearing date on the matter for eight days later, which was never held. Under the Pennsylvania Rules of Civil Procedure, "[a]n injunction granted without notice to the defendant shall be deemed dissolved unless a hearing on the continuance of the injunction is held within five days after the granting of the injunction or within such other time as the parties may agree or as the court upon cause shown shall direct." Pa. R. Civ. P. 1531(d). By operation of that rule, then, the injunction dissolved after that July 6 hearing date came and went without a hearing. At best, the injunctions could have lasted only until July 12 pursuant to the fourteen-day limit on ex parte temporary restraining orders in Rule 65(b)—nearly a month before Mizrahi filed his present motion.

Mizrahi could have moved for preliminary injunctive relief here, but he did not. As a result, there are no injunctions currently in effect for the Court to enforce.

## V. Conclusion

Because Mizrahi's remand motion is not barred by the thirty-day time limit in § 1447(c), and because the forum selection clauses require this dispute to be heard in state court, his motion to remand is granted. But his motion to compel Cross to abide by the ex parte injunctions the state court issued prior to removal is denied because those injunctions dissolved over a month ago. A separate order follows.